UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FLOYD PERKINS,

           Petitioner,           FILE NO. 2:08-CV-139

v.           HON. ROBERT HOLMES BELL

G. McQUIGGIN,

           Respondent.
                                              /

**OPINION ADOPTING REPORT AND RECOMMENDATION**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation ("R&R"), recommending that this Court deny the petition (docket #7). The matter presently is before the Court on Petitioner's objections to the R&R (docket #8). For the reasons that follow, Petitioner's objections are rejected and the R&R is adopted, as clarified by the instant Opinion.

**I.**

This Court reviews *de novo* those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). *See also U.S. Fidelity and Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1088 (6th Cir. 1992) (noting that a district court conducts *de novo* review of magistrate judge's rulings on dispositive motions); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an

objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

## II.

Petitioner was convicted of murder by a Genessee County jury and was sentenced to life imprisonment on October 27, 1993. The Magistrate Judge recommended that the petition be dismissed because it was barred by the statute of limitations. Petitioner has filed lengthy objections to the R&R. While he does not dispute that his petition is untimely, he contends that he should be entitled to equitable tolling because he has raised a claim of actual innocence.

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 ("AEDPA"). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized

2

> by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 121 S. Ct. 2120 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

The Magistrate Judge concluded that § 2244(d)(1)(A) provides the period of limitation in this case and that the other subsections do not apply to the grounds that Petitioner has raised. Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on February 3, 1997. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. The ninety-day period expired on Monday, May 5, 1997. The statute of limitations began running that date and expired on May 5, 1998. The petition was not filed until 2008,

ten years after the statute of limitations expired. The Magistrate Judge concluded, therefore, that, absent equitable tolling, the petition was time-barred. The Magistrate Judge also concluded that equitable tolling was unwarranted on the facts of the case.

Petitioner objects to the R&R, contending that he is entitled to equitable tolling because he has raised a credible claim of actual innocence. He also vaguely suggests that the statute of limitations should be calculated under 28 U.S.C. 2244(d)(1)(D), from the date on which "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

To the extent Petitioner suggests that the statute of limitations should be calculated under § 2244(d)(1)(D), he puts forward the affidavits of Ronda Hudson, Demond Louis and Linda Fleming, all of whom make averments related to the likelihood that the government's key eyewitness was the actual murderer. (*See* Hudson Aff., docket #8 at 10; Louis Aff., docket #6 at 16; Fleming Aff., docket #6-2 at 12.) Those affidavits are unhelpful to Petitioner. First, the affidavit of Ronda Hudson was signed on January 30, 1997, before his conviction became final. Demond Louis' affidavit was signed on March 16, 1999. Linda Fleming's affidavit was signed on July 16, 2002. Even assuming that the affidavits contain newly discovered evidence, a dubious conclusion in light of Petitioner's admitted knowledge about the underlying facts involving these possible witnesses at the time of trial, his petition remains untimely under § 2244(d)(1)(D). Assuming that the statute of limitations began to run as of the date of the latest of these affidavits, July 16, 2002, absent tolling, Petitioner had

4

until July 16, 2003 in which to file his habeas petition. He did not file until June 2008. Moreover, according to the allegations of the amended complaint, Petitioner did not file any post-conviction motion after that date that could have tolled the statute of limitations. As a result, absent equitable tolling, Petitioner's claim is time-barred.

A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly" by this Court. *See Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-1009. In *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005), the Supreme Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 418 (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Petitioner generally claims that he is actually innocent of the offenses for which he was convicted. The Sixth Circuit has held that a habeas petitioner who demonstrates a credible claim of actual innocence based on new evidence may, in exceptional circumstances, be entitled to equitable tolling of habeas limitations. *See McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007); *Souter v. Jones*, 395 F.3d 577, 597-98 (6th Cir. 2005). Petitioner, however, fails to present such exceptional circumstances.

5

To support a claim of actual innocence, a petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. *Souter*, 395 F.3d at 590, 598-99; *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Allen*, 366 F.3d at 405. A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. A petitioner "must produce evidence of innocence so strong that the court can not have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Allen*, 366 F.3d at 405 (internal quotations and citations omitted).

Petitioner has made no such showing in this case. His alleged newly discovered evidence was substantially available to him at trial. While the precise contours of the affidavits may have been new as of 1997, 1999 and 2002, one theory of the defense at trial was that Petitioner was being framed by the prosecution's lead witness, who himself was responsible for the murder.

Moreover, nothing about the Sixth Circuit's recognition of actual innocence as a basis for equitable tolling suggests that such evidence will indefinitely toll the statute of limitations. Instead, The Supreme Court has clearly indicated that equitable tolling,

regardless of its basis, always requires the petitioner to demonstrate that he has acted diligently to pursue his rights. *See Pace*, 544 U.S. at 418. Petitioner has failed utterly to demonstrate the necessary diligence in exercising his rights. By July 2002, Petitioner had acquired all of the evidence that he recites to support his actual innocence, yet he waited until June 2008 to bring his claim before any court. Such a delay falls far short of demonstrating the requisite diligence. As a result, Petitioner has failed to demonstrate that his is the "rare and extraordinary case," *Souter*, 395 F.3d at 590, in which evidence of actual innocence should toll the statute of limitations.

### III.

Having considered each of Petitioner's objections and finding no error, the Court hereby denies Petitioner's objections and adopts the Report and Recommendation of the Magistrate Judge, as clarified by this Opinion.

Under 28 U.S.C. § 2253(c)(2), the Court also must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S.

473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

This Court denied Petitioner's application on the procedural grounds that it was barred by the statute of limitations. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed each of Petitioner's claims on the procedural ground that the petition is barred by the statue of limitations. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the

petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

  A Judgment consistent with this Opinion shall be entered.


Dated: June 18, 2009             /s/ Robert Holmes Bell
                     ROBERT HOLMES BELL
                     UNITED STATES DISTRICT JUDGE