UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

FLOYD PERKINS,

        Petitioner,         Case No. 2:08-cv-139

v.         Honorable Robert Holmes Bell

G. MCQUIGGIN,

        Respondent.
_____/

## MEMORANDUM AND ORDER

This is a habeas corpus action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On June 18, 2009, the Court issued an opinion and judgment (docket ##11 and 12) adopting the report and recommendation and dismissing the habeas corpus petition as time barred. In the opinion dismissing this action, the court noted that Petitioner asserted entitlement to equitable tolling, claiming that he was actually innocent of the murder for which he was convicted. The court concluded that because Petitioner was not diligent in exercising his rights, he had failed to demonstrate that he was entitled to equitable tolling of the statute of limitations. The court stated that Petitioner had failed to support his claim with "new reliable evidence" in compliance with *Schlup v. Delo*, 513 U.S. 298, 324 (1995), because the evidence relied upon by Petitioner was substantially available to him at the time of his trial, and because Petitioner had admitted knowledge about the underlying facts involving these possible witnesses at the time of trial. (Docket #11, pp. 6-7.)

Petitioner subsequently appealed the dismissal and the Sixth Circuit Court of Appeals

granted a certificate of appealability limited to the question of whether reasonable diligence is a precondition to relying on actual innocence for purposes of equitable tolling. (Docket #20, p. 3.) After considering the issue, the Sixth Circuit reversed the judgment of this court and held that Petitioner's allegations of actual innocence entitled him to equitable tolling of the statute of limitations. (Docket #22, p. 15.) Petitioner subsequently filed a petition for writ of certiorari in the United States Supreme Court, which was granted on October 29, 2012. (Docket #27.)

On May 28, 2013, in *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931(May 28, 2013), the Supreme Court addressed this issue and held that a Petitioner is not entitled to equitable tolling of the statute of limitations on the basis of a claim of actual innocence. The Court noted that Petitioner had been in possession of all three affidavits by July 2002, but waited nearly six years to seek federal postconviction relief, a delay which falls far short of the necessary diligence required for equitable tolling. *Id.* Instead, the Supreme Court ruled that a petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1933 (quoting *Schlup*, 513 U.S. at 329) (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim. However, the Supreme Court also stated that Petitioner's timing in pursuing his rights is a relevant factor in evaluating the reliability of Petitioner's proof of innocence. *Id.* at 1935. The Court stated:

> To invoke the miscarriage of justice exception to AEDPA's statute of limitations, we repeat, a petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup,* 513 U.S., at 327, 115 S.Ct. 851. Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing. Perkins so acknowledges. See Brief for Respondent 52 (unjustified delay may figure in determining "whether a petitioner has made a sufficient showing of innocence"). As we stated in *Schlup,* "[a] court may consider how the timing of the submission and the likely credibility of [a petitioner's] affiants bear on the probable reliability of ... evidence [of actual innocence]." 513 U.S., at 332, 115 S.Ct. 851.

*Id.*

The Supreme Court observed that considering a petitioner's diligence as part of the assessment of whether actual innocence has been shown, addresses the State's concern that it will be prejudiced by a prisoner's lengthy delay and that a prisoner might deliberately delay seeking relief in order to wait until key witnesses have died or are otherwise unavailable. The Court stated that such a delay in presenting a petition would seriously undermine the credibility of the actual innocence claim. *Id.* at 1936.

> With regard to the specific facts of the instant case, the Supreme Court stated:
>
> We now return to the case at hand. The District Court proceeded properly in first determining that Perkins' claim was filed well beyond AEDPA's limitations period and that equitable tolling was unavailable to Perkins because he could demonstrate neither exceptional circumstances nor diligence. See *supra,* at 1930. The District Court then found that Perkins' alleged newly discovered evidence, *i.e.,* the information contained in the three affidavits, was "substantially available to [Perkins] at trial." App. to Pet. for Cert. 31a. Moreover, the proffered evidence, even if "new," was hardly adequate to show that, had it been presented at trial, no reasonable juror would have convicted Perkins. *Id.,* at 30a–31a.
>
> The Sixth Circuit granted a certificate of appealability limited to the question whether reasonable diligence is a precondition to reliance on

3

> actual innocence as a gateway to adjudication of a federal habeas petition on the merits. We have explained that untimeliness, although not an unyielding ground for dismissal of a petition, does bear on the credibility of evidence proffered to show actual innocence. On remand, the District Court's appraisal of Perkins' petition as insufficient to meet *Schlup*'s actual-innocence standard should be dispositive, absent cause, which we do not currently see, for the Sixth Circuit to upset that evaluation. We stress once again that the *Schlup* standard is demanding. The gateway should open only when a petition presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." 513 U.S., at 316, 115 S.Ct. 851.

*Id.*

The Sixth Circuit subsequently remanded the case to this court for proceedings consistent with the Supreme Court's opinion. As noted by the Supreme Court, *Schlup* requires Petitioner to show "that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327 ("[T]he standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."); *see also Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005); *Cleveland v. Bradshaw*, No. 11-3162, slip op. at 10-11 (6th Cir. Sept. 10, 2012). "[T]o be credible a gateway claim requires new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *House*, 547 U.S. at 537 (internal quotation marks omitted). The Court must consider "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *Id.* (internal quotation marks omitted). "[T]he

4

*Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House*, 547 U.S. at 538 (quoting *Schlup*, 513 U.S. at 327) (internal quotation omitted).

As noted by the Supreme Court, this court previously determined that Petitioner's "newly discovered" evidence was substantially available to Petitioner at the time of trial, thus was hardly "new." In addition, the court evaluated the evidence offered by Petitioner and concluded that it was not sufficient to show that no reasonable juror would have convicted Petitioner had the evidence been presented at trial. *McQuiggin v. Perkins*, 133 U.S. at 1936. The court concludes that Petitioner's claim is insufficient to meet *Schlup*'s actual-innocence standard.

In light of the foregoing, the court concludes that Petitioner's case was properly dismissed as being barred by the statute of limitations.

SO ORDERED.


Dated: September 4, 2013                    /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE